IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY BOOKER, JR. | § | |
| | § | |
| V. | § | CASE NO. 4:09cv273-RAS-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II and Supplemental Security Income disability benefits under Title XVI of the Social Security Act on November 5, 2007, claiming entitlement to disability benefits due to severe glaucoma, cervical fusion, cortical cataracts and major depression disorder. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Texas on December 2, 2008. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, Dr. Murphy, a medical expert, and Mrs. Donaldson, a vocational expert, testified.

On January 29, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on May 8, 2009.

Therefore, the January 29, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings**:**

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.

2. The claimant has not engaged in substantial gainful activity since March 25, 2007, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: glaucoma, cervical fusion, glaucoma, cortical cataracts and major depression disorder (20 C.F.R. §§ 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work: lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour workday; stand and/or walk 6 hours in an 8 hour workday; should avoid climbing ladders, scaffolds, hazards and machinery; reaching limited to occasional overhead; and has the ability for frequent fingering and handling; and has monocular vision. The claimant also has the ability to understand, carry out, and remember detailed tasks and instructions.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was born on July 18, 1956 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.964).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability

> because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 25, 2007 through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(T.R. 10-17).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707

F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff sets forth two issues for review. First, Plaintiff argues that, because the ALJ did not expressly acknowledge hypertension as a severe impairment at step two, the case must be remanded. The ALJ, however, did acknowledge that Plaintiff had hypertension and was taking medication. As the Court reads it, *Stone v Heckler,* 752 F.2d 1099 (5th Cir. 1985) is not applicable to cases which proceed past the step two analysis. Here, there was no dismissal of Plaintiff's case at step two.

The Court finds and specifically holds that, since Plaintiff did not identify hypertension as a condition he was complaining about either in his initial application or when asked by the ALJ as to any further problems, he has waived making this claim now. In other words, if you don't name it, you can't claim it.

In questioning Plaintiff, the ALJ asked him if there was anything else bothering him other than what had been covered in prior questioning. The Plaintiff mentioned his hips but never referred to his hypertension (Tr. 27). Moreover, his attorney or representative never questioned Plaintiff about his hypertension. On his form SSA 3368, Plaintiff never mentions hypertension as a condition that limits his work, only eye problems, neck injury and glacoma (sic). Only a few medical records

5

mention his hypertension, and most just list the medication as a part of his regime. There are no records indicating that he was having a problem with hypertension. In fact, in 2007, he admits that he has high blood pressure medication but does not take it regularly (Tr. 230).

Further, the evidence demonstrates that nonetheless the ALJ considered the condition in light of the total record. Any error in not putting hypertension in "bold" as to the severe impairments noted in the opinion is harmless error. The burden is on Plaintiff to establish prejudice, as he must demonstrate that he "could have adduced evidence that might have altered the result. *See Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984). This he did not do, nor, given the record before him, could he have done.

Plaintiff's second point of error is that the ALJ's decision is not supported by substantial evidence because it does not contain any rationale supporting the statement that Plaintiff did not suffer from a listed impairment. The ALJ is required to identify the listed impairment for which Plaintiff's symptoms fail to qualify and provide any explanation as to how she reached the conclusion that Plaintiff's symptoms were insufficiently severe to meet any listed impairment. *See Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007). The Court finds that, as to mental impairments, the ALJ complied.

With respect to the remaining physical impairments of glaucoma and cervical fusion, a literal reading of *Audler* would lead to a conclusion that the ALJ did not fully comply. However, *Audler* also directs the court to consider whether such failure was harmless error. *See Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988). In this case, Plaintiff does not point out how the two aforesaid impairments meet a listing. In fact, when reviewing the record, Plaintiff states that with glasses he has no problem with vision (Tr. 33). The ME stated that he had normal vision in the left eye, but

was legally blind in the right eye. But, again, by Plaintiff's testimony glasses corrected the problem. The ME also testified that none of Plaintiff's complaints matched a listed impairment.

The claimant bears the burden of showing that he is disabled at step three. *See Audler,* 501 F.3d at 448. When the claimant contends that the ALJ failed in his analysis at step three, the burden of proof is still on the plaintiff to show what impairment he contends meets the listing and why. Here, Plaintiff merely states he had an impressive list of impairments and the ALJ did not explain why those severe impairments did not equal a listed impairment. Since the burden of proof is on Plaintiff, the Court does not have the burden to scour the listings to determine if any listing meets Plaintiff's impairments. In any event, the ALJ and the ME have already held that Plaintiff did not meet his burden at step three. Plaintiff must demonstrate that the impairments satisfy or medically equal an impairment listing. *See Atkins v. Barnhart*, 119 F. App'x. 672 (5th Cir. 2005). Therefore, both points are overruled.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 25th day of January, 2011.**

                                                  DON D. BUSH
                                                  UNITED STATES MAGISTRATE JUDGE